IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 JAN 28 AM 9: 33
DEPUTY CLERK

| | | |
|---|---|---|
| MARVIN GABRIEL HOLMES, <br> TDCJ-ID No. 1712754, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. <br> 1:16-CV-012-P-BL |
| THOMAS E. BRANDON, <br> Deputy Director, ATF | ) <br> ) <br> ) | |
| Defendant. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. Based on the relevant filings and applicable law, Plaintiff's claims should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff Marvin Gabriel Holmes, acting *pro se*, filed a civil complaint to initiate this action. He names as the only defendant Thomas E. Brandon, identified as "Deputy Director (Bureau of Alcohol, Tobacco, Firearms and Explosives ATF." Compl. at 3. He also filed a motion to proceed in forma pauperis, and the Court granted him leave to proceed in forma pauperis under the terms of the Prison Litigation Reform Act ("PLRA"). No process has been issued in this case.

## I. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Plaintiff alleges the following narrative in his complaint:

Deputy Director Thomas E. Brandon of (ATF) Bureau has given permission and have sent Federal informants to TDCJ Prison System to live and set up all around my prison cell with a machine that is reading everything I think of and it can show pictures of my memory inside my head "involuntarily " [sic]. The informants is [sic] using this machine to assault me and threatening to kill me. They are liven in the attic and the pipe chase area in my cell and have been liven there for or since February 27, 2015 [sic]. They have been turning the machine on high and shooting it at my kidney's, heart, brain, ball's area, butt area, and both my feet and will not stop. They have burnt the skin off of the top of both of my feet and I've seen the nurse and she signed a sick call because she had to send me to a provider because she said she could not do nothing. Also they have x-ray and is looking in my cell. The informant names are: Renoldo Renfro, Takeisha Martin, Maurice Holmes, Earl Martin, Kelly Harris, Margita Matherson, Tracy Beverly, Pamela Beverly, Edward Williams, Kaleisha Anderson, Robert Anderson, Gary Chopain, and others. They came to Bill Clement's unit first and followed me to Robertson Unit and is liven in my attic at this very moment [sic]. Assaulting me with a deadly weapon every day and every night. Also Sameka Harmon is with them.

Compl. at 4. In this instance, the allegations in Plaintiff's complaint have risen to the level of the irrational or wholly incredible. Consequently, the Court should find the instant complaint is factually

frivolous.

## II. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

January 28, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE